IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CR-39-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHARLES MALONE EVANS,<br><br>Defendant. | O R D E R |

This matter comes before the court to address the following motions by Defendant Charles Malone Evans ("Defendant"): Motion to Release *Brady* Materials [DE-51]; Motion to Sequester Witnesses [DE-52]; Motion for Statements of Witness(es) [DE-53]; and Motion to Reveal Concessions or Deals, Criminal Records, and Previous Testimony of Government Witnesses [DE-54]. The Government responded to Defendant's motions. Gov't's Resp. [DE-65]. Accordingly, this matter is ripe for review. For the reasons stated below, Defendant's Motion to Release *Brady* Materials [DE-51] is allowed; Defendant's Motion to Sequester Witnesses [DE-52] is allowed in part and denied in prat; Defendant's Motion for Statements of Witness(es) [DE-53] is denied; and Defendant's Motion to Reveal Concessions or Deals, Criminal Records, and Previous Testimony of Government Witnesses [DE-54] is allowed.

**I. STATEMENT OF THE CASE**

On February 8, 2018, a Grand Jury sitting in the Eastern District of North Carolina returned an indictment charging Defendant with two counts: (1) Distribution of a Quantity of Heroin, in violation of 21 U.S.C. § 841(a)(1); and (2) Distribution of a Quantity of Heroin, Resulting in Death or Serious Bodily Injury, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C). [DE-1].

## II. DISCUSSION

### A. Motion to Release *Brady* Materials [DE-51]

Defendant seeks all exculpatory evidence, as required under *Brady v. Maryland*, as well as a confirmation from the Government that all favorable evidence has been provided. [DE-51] at 2–3. In response, the Government states that it has provided broad discovery to the Defendant and that it "is not aware of any exculpatory evidence subject to disclosure under *Brady*." Gov't's Resp. [DE-65] at 2. Further, the Government vows to "continue to supplement its disclosures as necessary and will disclose all exculpatory and impeachment evidence in time for its effective use at trial." *Id.* at 3.

Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, "the government is required to disclose evidence that is both favorable to an accused and material to either guilt or punishment." *United States v. Newby*, 251 F.R.D. 188, 190 (E.D.N.C. 2008) (internal quotations and citations omitted). This requirement includes the disclosure of evidence that could potentially be used to impeach or discredit a government witness, *Giglio v. United States*, 405 U.S. 150, 154 (1972), encompassing all plea agreements and promises of leniency, immunity, or other similar inducements to testify that have been given to witnesses, and the criminal records of witnesses, *United States v. Stroop*, 121 F.R.D. 269, 274 (E.D.N.C. 1988). Although a specific mandate on the timing of these disclosures has not been established, the Fourth Circuit has held that there is no violation of a defendant's right to due process so long as the government discloses exculpatory and impeachment evidence to a defendant "in time for its effective use at trial." *United States v. Smith Grading & Paving, Inc.*, 760 F.2d 527, 532 (4th Cir. 1985) (citation omitted).

Defendant's request for disclosure of favorable material is allowed, and to the extent the Government either possesses or discovers favorable or impeaching material that has not already been produced it must produce such material to Defendant no later than seven days (one week) prior to trial. *See United States v. Mayhew*, No. 5:13-CR-199-F-2, 2014 WL 185881, at *1 (E.D.N.C. Jan. 16, 2014) (ordering disclosure of *Brady* evidence seven days prior to trial).

**B.      Motion to Sequester Witnesses [DE-52]**

Defendant seeks a court order sequestering all Government witnesses during the trial. [DE-52]. The Government does not object to the motion, with the exception that the case agent for the United States be allowed to remain in the courtroom during the trial, pursuant to Federal Rule of Evidence 615. Gov't's Resp. [DE-65] at 3–4 (citing Fed. R. Evid. 615(b)).

Rule 615 of the Federal Rules of Evidence provides that "a[t] a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." Thus, sequestration of witnesses is mandatory if requested. *United States v. Farnham*, 791 F.2d 331, 335 (4th Cir. 1986). Each witness is prohibited from discussing previous trial testimony with any other witness who has yet to testify at trial. *United States v. Rhynes*, 218 F.3d 310, 317 (4th Cir. 2000) (en banc) ("Sequestration requires that witnesses not discuss the case among themselves or anyone else, other than the counsel for the parties.") (quotations and citations omitted). Excepted from sequestration are (1) the parties themselves, (2) the designated representative of an entity, (3) a person whose presence is shown by a party to be essential to the presentation of the case, or (4) a person authorized by statute to be present. Fed. R. Evid. 615(a)–(d). A government investigative agent falls within the second exception, even if the agent is expected to testify; however, only one

agent may be exempted from sequestration under this exception. *Farnham*, 791 F.2d at 334 (citing *United States v. Parodi*, 703 F.2d 768, 773 (4th Cir. 1983)); *see also United States v. Lovin*, No. 7:06-CR-45-BO-3, 2007 WL 167454, at *2 (E.D.N.C. Jan. 18, 2007) (denying the government's request to exempt from sequestration agents from three different government agencies who jointly conducted the investigation).

Defendant's motion to sequester is allowed, with the exception of one case agent designated by the Government. The Government shall designate its case agent at the beginning of the trial. *See United States v. Howard*, No. 5:12-CR-9-D, 2012 WL 2525625, at *3 (E.D.N.C. June 29, 2012) (allowing the defendant's request for sequestration and requiring the government to designate the representative case agent at the beginning of the trial). Accordingly, Defendant's motion for sequestration [DE-52] is allowed in part and denied in part.

## C. Motion for Statement of Witnesses [DE-53]

Defendant seeks a court order requiring the Government to produce statements of all witnesses that relate to the subject matter about which the witnesses will testify at trial, pursuant to Rule 26.2 of the Federal Rules of Criminal Procedure and the Jencks Act, 18 U.S.C. § 3500. [DE-53]. Defendant contends that early production is necessary in order "to prepare a proper defense" and to "avoid unnecessary delay during trial." *Id.* at 2–3. In response, the Government argues that it has provided Defendant broad discovery, including reports from interviews of cooperating witnesses. Gov't's Resp. [DE-65] at 4. Further, the Government contends that it will continue to supplement its disclosures as necessary and will disclose all Jencks Act material in time for its effective use at trial.

The Fourth Circuit has held that the Government is not required to produce Jencks Act material relating to a witness until after that witness has testified. *United States v. Lewis*, 35 F.3d 148 (4th Cir. 1994). Accordingly, Defendant's motion for early production of witness statements is denied.

D.  **Motion to Reveal Concessions or Deals, Criminal Records, and Previous Testimony of Government Witnesses [DE-54]**

Defendant moves for the disclosure of any concessions or deals, pursuant to *Giglio v. United States*, 450 U.S. 150 (1972). [DE-54]. Further, Defendant seeks the disclosure of the criminal record of the witnesses including: (1) all arrests, convictions, and resulting disposition of all misdemeanor and felony charges, whether the charge be state, federal, or foreign jurisdiction; (2) whether the witnesses are presently on parole, probation, or supervised release to a state or federal court, subject to immigration proceedings or violations; and (3) whether there are any outstanding information, charges, warrants, or pending actions of a criminal nature against the witnesses. *Id.* Lastly, Defendant seeks the names and dates of cases in which the witnesses have previously offered testimony on behalf of the government at trial or before the grand jury. *Id.*

As discussed *supra*, the government is required to disclose evidence that is "both favorable to an accused and 'material to either guilt or punishment.'" *Bagley*, 473 U.S. at 674; *Brady*, 373 U.S. at 87. That requirement includes the disclosure of evidence that could potentially be used to impeach or discredit a government witness. *Giglio*, 405 U.S. at 154. Accordingly, the government must disclose all plea agreements and promises of leniency, immunity, or other similar inducements to testify that have been given to witnesses. *Stroop*, 121 F.R.D. at 274. The Government has advised that it is aware of its obligation to provide copies of criminal histories,

5

plea agreements, promises of consideration or inconsistent statements, if any, for testifying witnesses and any other impeaching materials, and that it shall provide all such material not previously furnished to Defendant in sufficient time for use at trial. Gov't's Resp. [DE-65] at 5–6. Accordingly, Defendant's motion is granted insofar as the Government shall disclose to Defendant all evidence tending to impeach government witnesses, including but not limited to copies of criminal histories, plea agreements, promises of consideration or inconsistent statements, which have not been produced to Defendant prior to the date of this order, no later than seven days (one week) prior to trial.

### III. CONCLUSION

For the reasons stated herein, Defendant's Motion to Release *Brady* Materials [DE-51] is ALLOWED; Defendant's Motion to Sequester Witnesses [DE-52] is ALLOWED in part and DENIED in part; Defendant's Motion for Statements of Witness(es) [DE-53] is DENIED; and Defendant's Motion to Reveal Concessions or Deals, Criminal Records, and Previous Testimony of Government Witnesses [DE-54] is ALLOWED.

Submitted, this the 3rd day of October, 2018.

_____
Robert B. Jones, Jr.
United States Magistrate Judge